THE SELTZER LAW GROUP, P.C.
Steven Seltzer
125 Maiden Lane, Suite 507
New York New York 10038
Telephone: (646) 863-1854
Facsimile: (646) 863-1877
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE WISE ESPRESSO BAR, CORP.,

                Debtor,

ANDREY KHALILOV, and EKATERINA SUPRUN,

                Plaintiffs,

                --against--

WISE ESPRESSO BAR, CORP.,

                Defendant.
-------------------------------------------------------------X

**Chapter 11**
**Case No. 19-41715 (JLG)**
**Adversary Proceeding No.**

COMPLAINT OBJECTING TO DISCHARGEABTLITY OF DEBT AND DISCHARGE OF DEBTOR

Plaintiffs Andrey Khalilov and Ekaterina Suprun (collectively, "Plaintiffs") by and through their attorneys, The Seltzer Law Group P.C., upon their knowledge and belief, hereby object pursuant to 11 U.S.C. §523 to the discharge of debts owed to them by Wise Espresso Bar, Corp. ("Defendant" or "Debtor"), and also object to the discharge, in general of Debtor pursuant to 11 U.S.C. §523 and respectfully represent as follows:

## BACKGROUND AND FACTS

1. Plaintiffs are former employees of the debtor Wise, at the restaurant and bar operated by Wise located at 3120 Coney Island Avenue, Brooklyn, New York 11235.

2. Wise previously employed Plaintiffs as servers.

3. The Plaintiffs filed an action in the United States District Court of the Eastern District of New York against Wise and co-defendants Rasul Igamberdiev and Diana Sulyemanova, alleging willful violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). That action is currently pending, under index number 17-cv-02488 (CBA)(SJB) (the "District Court Action").

4. Wise and the co-defendants had a policy and practice that Wise would not pay Plaintiffs and other servers any wages whatsoever for their work.

5. Wise and the co-defendants knowingly and intentionally did not pay Plaintiffs and other servers any wages whatsoever for their work.

6. Wise and the co-defendants had a policy and practice that Plaintiffs and other servers would be compensated for their work solely and exclusively from customer tips.

7. The Plaintiffs in the District Court Action allege that Wise and the co-defendants willfully and maliciously denied Plaintiffs minimum wage and overtime pay because they knowingly and deliberately refused to pay Plaintiffs any wages whatsoever.

8. The Plaintiffs in the District Court Action allege that Wise and the co-defendants willfully and maliciously denied Plaintiffs minimum wage and overtime pay because they had a policy and practice that Plaintiffs and other servers would be compensated for their work solely and exclusively from customer tips.

9. The Plaintiffs in the District Court Action allege that Wise and the co-

defendants willfully and maliciously violated the NYLL by making unlawful deductions from Plaintiffs' tips, denying Plaintiffs spread of hours pay and by failing to provide Plaintiffs with wage statements and wage notices.

10. A true copy of the complaint in the District Court Action is annexed hereto as Exhibit A. Plaintiffs incorporate all allegations of the complaint in the District Court Action.

11. On July 1, 2019, Plaintiffs filed a motion with this Court to lift the automatic stay so that the District Court Action may proceed against Defendant Wise.

12. Wise is represented by counsel in the District Court Action.

13. The parties conducted and completed discovery in the District Court Action.

14. On July 6, 2018, Plaintiffs moved for partial summary judgment in the District Court Action on their claims for failure to provide notices and wage statements under the NYLL.

15. On February 14, 2019, the Honorable Carol B. Amon, the presiding judge in the District Court Action, issued a memorandum and order granting Plaintiffs' partial summary judgment motion against Wise.

16. The memorandum and order concluded that each Plaintiff was entitled to judgment on these claims in the amount of $10,000.

17. Pursuant to Judge Amon's memorandum and order, on February 15, 2019, the Clerk of Court for the United States District Court, Eastern District of New York, entered judgment against Wise in favor of each of the Plaintiffs in the amount of $10,000.

18. On March 7, 2019, Plaintiffs domesticated the District Court judgment into a New York state judgment in New York State Supreme Court, Kings County, in the total amount of $20,000.

19. On March 20, 2019, Plaintiffs lawfully enforced their judgment by restraining Wise's business checking account with J.P. Morgan Chase Bank, N.A. ("Chase").

20. On March 25, 2019, Wise commenced the related Chapter 11 proceeding by filing its bankruptcy petition.

21. Wise filed its Chapter 11 proceeding solely as a device to frustrate the lawful enforcement of Plaintiffs' $20,000 and as a reaction to said judgment.

22. The District Court Action is ready for trial on all remaining claims.

23. On June 19, 2019, the Honorable Carol B. Amon, the presiding judge in the District Court Action, stayed the entire District Court Action against all defendants pending resolution of the instant bankruptcy proceeding and scheduled a status conference for December 6, 2019.

24. The Plaintiffs expect to prove in the District Court Action that Wise (and the co-defendants) willfully and maliciously injured the Plaintiffs by refusing to pay them any wages whatsoever for their work, in violation of the minimum wage and overtime pay requirements of violation of the FLSA and NYLL, in addition to other willful and malicious violations of the NYLL.

### FIRST CAUSE OF ACTION
### (NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(A)(6) FOR WILLFUL AND MALICIOUS INJURY BY DEBTOR TO THE PLAINTIFFS)

25. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

26. Plaintiffs were employed by the debtor, Wise, as servers at Wise's restaurant and bar.

27. As alleged in the District Court Action, Plaintiffs were not paid the minimum

wage required by the FLSA and NYLL.

28. As alleged in the District Court Action, Plaintiffs were not paid overtime wages as required by the FLSA and NYLL.

29. As alleged in the District Court Action, Plaintiffs were not paid spread of hours wages when their workdays were longer than ten hours, as required by the NYLL.

30. Wise knowingly and intentionally refused to pay the Plaintiffs any wages whatsoever for their work.

31. Wise had a policy and practice that Plaintiffs and other servers would be compensated for their work solely and exclusively from customer tips.

32. Wise's failure to pay Plaintiffs any wages whatsoever in violation the FLSA and NYLL was an intentional and wrongful act which caused Plaintiffs injury in the form of lost wages, in an amount to be determined at trial in the District Court Action.

33. Wise's failure to pay the Plaintiffs the minimum wage, overtime wage, and spread of hours wages was committed without just cause or excuse. Wise had the clear ability to pay the Plaintiffs the proper wages in accordance with federal law, but simply chose not to.

34. Wise's failure to pay the Plaintiffs any wages whatsoever violated the FLSA and NYLL and caused a willful and malicious injury to Plaintiffs such that the debts owed by Wise to the Plaintiffs, including attorneys' fees and costs to which they are entitled under the FLSA and NYLL, are nondischargeable. Therefore, pursuant to 11 U.S.C. § 523(a)(6), Wise is not entitled to a discharge of such debts.

### SECOND CAUSE OF ACTION
### (NON-DISCHARGEABILITY OF DEGT UNDER 11 U.S.C. § 523(a)(19)(B)(i))

35. Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

36. Plaintiffs obtained a lawful judgment against Wise in the amount of $20,000 in the District Court Action.

37. Plaintiffs' judgment was entered against Wise in the United States District Court, Eastern District of New York on February 15, 2019.

38. Plaintiffs entered judgment against Wise in New York State Supreme Court, Kings County on March 7, 2019.

39. On March 20, 2019, Plaintiffs lawfully enforced their state court judgment by restraining Wise's business checking account with Chase.

40. On March 25, 2019, Wise commenced the bankruptcy proceeding from which this action arises.

41. Wise commenced its bankruptcy proceeding solely as a reaction to Plaintiffs' enforcement of their judgment, as evidenced by the extremely close temporally proximity between the Chase account restraint and the filing of Wise's Chapter 11 bankruptcy petition.

42. Wise commenced its bankruptcy proceeding solely for the purpose of frustrating the lawful enforcement of Plaintiffs' judgment.

43. Upon information and belief, Wise has at all times operated a financially successful concern and had no intention of commencing the instant proceeding absent the enforcement of Plaintiffs' judgment.

44. Wise's filings in the bankruptcy proceeding indicate that bankruptcy counsel is charging Wise a legal fee of twenty-thousand dollars ($20,000), which is the same amount as Plaintiffs' modest judgment.

45. Pursuant to 11 U.S.C. § 523(a)(19)(B)(i), Wise is not entitled to a discharge, in whole or in part, based on the actions detailed above, because a portion of its debt to Plaintiffs results from a judgment in a federal judicial proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

(a)    With respect to the first cause of action, enter judgment and an order denying Wise a discharge with respect to the FLSA and NYLL debts owed to the Plaintiffs including attorneys' fees and costs, pursuant to 11 U.S.C. § 523(a)(6);

(b)    With respect to the second cause of action, enter judgment and an order denying Defendant a discharge, in whole or in part, pursuant to 11 U.S.C. § 523(a)(19)(B)(i),

(c)    For an award of costs and attorneys' fees incurred in prosecuting this action; and

(d)    For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 1, 2019

THE SELTZER LAW GROUP, P.C.

_____
By: Steven Seltzer
125 Maiden Lane, Suite 507
New York, New York 10038
Telephone: (646) 863-1854
Facsimile: (646) 863-1877
Email: sseltzer@slg-ny.com